1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                   EASTERN DISTRICT OF CALIFORNIA

8

9  ALLIED WORLD NATIONAL ASSURANCE )     1:10-cv-1262 OWW JLT
   COMPANY, a New Hampshire        )
10 corporation, and ALLIED WORLD   )     ORDER AFTER SCHEDULING
   ASSURANCE COMPANY (U.S.) INC., a)     CONFERENCE
11 Delaware corporation,           )
                                   )     Further Scheduling
12              Plaintiffs,        )     Conference: 7/15/11 8:15
                                   )     Ctrm. 3
13      v.                         )
                                   )
14 SK PM CORP., a California       )
   corporation aka "S.K. Foods MP  )
15 Corp.," SK FOODS, L.P., a       )
   California limited partnership, )
16 FREDERICK SCOTT SALYER, an      )
   individual, BLACKSTONE RANCH, a )
17 California corporation aka       )
   "Blackstone Ranch Calif 'S'     )
18 Corp." LISA CRIST, an           )
   individual, MARK MCCORMICK, an  )
19 individual, et al.,             )
                                   )
20              Defendants.        )
                                   )
21 _____ )

22

23 I.   Date of Scheduling Conference.

24      April 13, 2011.

25 II.  Appearances Of Counsel.

26      Troutman Sanders LLP by Kevin F. Kieffer, Esq., appeared on

27 behalf of Plaintiffs.

28      Law Offices of David C. Winton by David C. Winton, Esq.,

                               1

1 appeared on behalf of Defendants Frederick Scott Salyer, SK PM

2 Corp. aka "S.K. Foods PM Corp.," Blackstone Ranch aka "Blackstone

3 Ranch Calif 'S' Corp.," Scott Salyer, individually and as

4 Trustee, Scott Salyer Revocable Trust, Robert Pruett, Trustee for

5 the Caroline Gazelle Salyer 1999 Irrevocable Trust, erroneously

6 sued as the Caroline Gazelle Salyer Irrevocable Trust, Robert

7 Pruett Trustee for the Caroline Gazelle Salyer 2007 Irrevocable

8 Trust, also erroneously sued as the Caroline Gazelle Salyer

9 Irrevocable Trust; Robert Pruett Trustee for the Stefanie Ann

10 Salyer 1999 Irrevocable Trust erroneously sued as the Stefanie

11 Ann Salyer Irrevocable Trust, Robert Pruett Trustee for the

12 Stefanie Ann Salyer 2007 Irrevocable Trust, erroneously sued as

13 the Stefanie Ann Salyer Irrevocable Trust; SS Farms, LLC, a

14 California limited liability company, SARS LLC, a California

15 limited liability company, CSSS LP, a California limited

16 partnership fictiously doing business as Central Valley

17 Shippers; SK Foods LLC, a Nevada limited liability company; S.K.

18 Foods PM Corp., a legal entity of unknown legal capacity, SKF

19 Aviation, LLC, a California limited liability company, SSC

20 Farming, LLC, a California limited liability company, SSC Farms

21 I, LLC, a California limited liability company; SSC Farms II,

22 LLC, a California limited liability company; SSC Farms III, LLC,

23 a California limited liability company; SK Farm Services, LLC, a

24 California limited liability company; SK Frozen Foods, LLC, a

25 California limited liability company, Carmel Wine Merchants LLC,

26 a California limited liability company, Salyer American Fresh

27 Foods is in receivership and therefore Mr. Winton does not

28 represent that entity, nor does any other attorney represent that

2

1 | entity in this lawsuit.  It is adverse though it is a named
2 | Defendant.  Four Salyer American Cooling entities have reached a
3 | settlement with Plaintiffs and it is the expectation of the
4 | parties that those entities will be dismissed from the lawsuit.

5 |      Schnader Harrison Segal & Lewis LLP by Kathryn Richter,
6 | Esq., appeared on behalf of Defendant Bradley D. Sharp, Chapter
7 | 11 Trustee for SK Foods LP and RHM Industrial/Specialty Foods,
8 | Inc. dba Colusa County Canning Company (collectively referred to
9 | as debtors).

10 | III.  Summary of Pleadings.

11 |     A.  Plaintiffs' Complaint.

12 |     1.  Plaintiffs have filed this action to obtain a
13 | judicial determination and declaration regarding the parties'
14 | rights and obligations with respect to two insurance policies.
15 | Defendants are insureds under For Private Companies Policy No.
16 | C011427/001 issued by Allied World to S.K. Foods PM Corp. for the
17 | February 19, 2009 to August 17, 2009 Policy Period (the "Primary
18 | Policy").  Through this action, Allied World seeks to rescind
19 | certain specified coverage provisions of the Primary Policy due
20 | to, among other things, misrepresentations and concealment of
21 | material facts made by Defendants during the underwriting
22 | process.

23 |     2.  Defendants also sought excess coverage from AWAC
24 | under Excess Directors & Officers Liability Insurance Following
25 | Form Policy No. C011818/001, which was to be issued to S.K. Foods
26 | PM Corp. for the April 8, 2009 to February 19, 2010 Policy Period
27 | (the "Excess Policy").  Plaintiffs allege that the Defendants
28 | never paid the requisite premium for the Excess Policy.  AWAC

1   seeks a declaration that the Excess Policy was never effectively

2   issued or delivered as a result of the Defendants' non-payment of

3   premium, and is inoperative.  AWAC alternatively seeks to rescind

4   certain specified coverage provisions of the Excess Policy due

5   to, among other things, the misrepresentations and concealment of

6   material facts made by Defendants during the underwriting

7   process.

8          3.   Plaintiffs allege that in connection with the

9   underwriting of the Primary and Excess Policies, Defendants,

10  through their insurance broker, provided Plaintiffs with

11  financial statements for the group of related agricultural

12  entities that were to be insured under the policies (collectively

13  referred to as "SK Foods Group").  Defendants also made certain

14  representations, including that SK Foods Group was in good

15  financial health and had strong revenues and profits for the

16  periods subsequent to those for which they provided financial

17  statements, that certain credit agreements necessary to SK Foods

18  Group's operations that were set to expire would be extended, and

19  that Defendants did not anticipate a reorganization or sale of

20  more than 10% of the assets of any SK Foods Group entities.

21  Plaintiffs allege that these representations were false, and that

22  the financial statements submitted to Plaintiffs were inaccurate

23  and unreliable.

24         4.   At the time that negotiations concerning the

25  Primary and Excess Policies were ongoing, the entities comprising

26  SK Foods Group were experiencing significant financial

27  difficulties, and many were either insolvent or on the brink of

28  insolvency.  Plaintiffs are informed and believe that Defendants

1   were aware that the joint credit facilities for two of SK Foods
2   Group's major constituents, SK Foods, L.P. ("SK Foods") and RHM
3   Industrial/Specialty Foods, Inc. ("RHM"), would not be extended.
4   Plaintiffs are also informed and believe that Defendants
5   anticipated that it would be necessary for Salyer American Fresh
6   Foods, Inc. ("SAFF"), SK Foods, and RHM to reorganize, through
7   bankruptcy or otherwise, and sell substantially all of their
8   assets in order to satisfy debts owed by these companies.

9          5.   Had Plaintiffs known the truth regarding SK Foods
10  Group's financial condition, they would not have issued the
11  Primary Policy, or agreed to issue the Excess Policy upon payment
12  of the requisite premium.  Accordingly, pursuant to the terms of
13  the policies, the California Insurance Code, including Insurance
14  Code Sections 331, 359, 447 and 650, and the California Civil
15  Code, including Civil Code Section 1691, Plaintiffs seek a
16  judgment of rescission declaring that certain coverage provisions
17  of the Primary and Excess Policies are void *ab initio*.  If the
18  Primary and Excess Policies are not rescinded as requested,
19  Plaintiffs, in the alternative, seek to have the Primary and
20  Excess Policies reformed.

21         6.   Plaintiffs also seek a declaration that Defendants
22  are liable to Plaintiffs for any payments made by Plaintiffs,
23  including any future payments, to or on behalf of any Insureds,
24  pursuant to Plaintiffs' obligations under any remaining coverage
25  provisions of the Primary or Excess Policies on the grounds that
26  Plaintiffs would not have issued the Primary Policy or agreed to
27  issue the Excess Policy but for Defendants' misrepresentation or
28  concealment of material facts in connection with their

                                  5

1   application for the Primary and Excess Policies, and that such

2   payments are therefore damages resulting from Defendants'

3   misrepresentations.

4           B.   The Salyer Defendants' Answer and Counterclaim.

5           1.   The Salyer Defendants deny that any

6   misrepresentations were made during the underwriting process an

7   deny that Plaintiffs are entitled to the relief they seek.

8           2.   The Salyer Defendants previously counterclaimed

9   against Plaintiffs for breach of contract, breach of the covenant

10  of good faith and fair dealing, and declaratory relief.  On or

11  about January 19, 2011, this Court ordered, pursuant to the

12  parties' stipulation, that the counterclaim filed by the Salyer

13  Defendants was dismissed without prejudice.  Pursuant to the

14  parties' stipulation and this Court's Order, the Salyer

15  Defendants may refile their counterclaims up to 90 days prior to

16  the close of discovery.

17          C.   The Trustee's Answer and Counterclaim.

18          1.   The Trustee denies that any misrepresentations

19  were made during the underwriting process and denies that

20  Plaintiffs are entitled to the relief they seek.

21          2.   The Trustee previously counterclaimed against

22  Plaintiffs for breach of contract, breach of the covenant of good

23  faith and fair dealing, and declaratory relief.  On or about

24  January 24, 2011, this Court Ordered, pursuant to the parties'

25  stipulation, that the counterclaim filed by the Trustee was

26  dismissed without prejudice.  Pursuant to the parties'

27  stipulation and this Court's order, the Trustee may refile its

28  counterclaim up to 90 days prior to the close of discovery.

1  **IV.   Orders Re Amendments To Pleadings.**

2      **1.    The parties do not anticipate amending the pleadings at**
3  **this time, except for corrections to specify the true names of**
4  **parties shall be made and IT IS SO ORDERED.  The entity Salyer**
5  **American Fresh Foods is in receivership.  No party has appeared.**
6  **Plaintiff intends to request the entry of default as to that**
7  **party.  The request for entry of default shall be filed within 20**
8  **days following the date of this hearing, on or before May 3,**
9  **2011.**

10  **V.    Factual Summary.**

11      **A.   Admitted Facts Which Are Deemed Proven Without Further**
12  **Proceedings.**

13      **1.    Allied World issued For Private Companies Policy**
14  **No. C011427/001 to S.K. Foods PM Corp. for the February 19, 2009**
15  **to August 17, 2010 Policy Period (the "Primary Policy").**

16      **2.    The Primary Policy was initially issued with a**
17  **Policy Period of February 19, 2009 to February 19, 2010.**
18  **However, the Primary Policy was cancelled effective August 17,**
19  **2009 by First Insurance Funding Corp. ("First Insurance"), the**
20  **company that provided the Insureds with financing for the premium**
21  **of the Primary Policy.**

22      **3.    Whether that cancellation was effective is not**
23  **"uncontested."**

24      **4.    SK Foods Group also sought an excess policy from**
25  **AWAC, specifically Excess Directors & Officers Liability**
26  **Insurance Following Form Policy No. C011818/001, which was to be**
27  **issued to S.K. Foods PM Corp. for the April 8, 2009 to February**
28  **19, 2010 Policy Period (the "Excess Policy").**

1      5.    As part of the underwriting process for the

2 Primary and Excess Policies, SK Foods Group, through its broker,

3 provided Plaintiffs with an application and other materials,

4 including audited and unaudited financial statements for certain

5 SK Foods Group entities.

6      6.    A representative of the broker, and SK Foods Group

7 executives also met with Plaintiffs' underwriters at which the

8 financial health of SK Foods Group entities were the subject of

9 discussion.

10     B.    Contested Facts.

11     1.    Plaintiffs also allege the following facts, which

12 the Defendants contest:

13     2.    SK Foods Group failed to pay the requisite premium

14 to obtain the Excess Policy.

15     3.    At the time that negotiations concerning the

16 Primary and Excess Policies were ongoing, the entities comprising

17 SK Foods Group were experiencing significant financial

18 difficulties and many were either insolvent or on the brink of

19 insolvency.  Defendants were also aware that the joint credit

20 facilities for two of SK Foods Group's major constituents, SK

21 Foods, L.P. ("SK Foods") and RHM Industrial/Specialty Foods, Inc.

22 ("RHM"), would not be renewed.

23     4.    At the time that negotiations concerning the

24 Primary and Excess Policies were ongoing, Defendants anticipated

25 that it would be necessary for Salyer American Fresh Foods, Inc.

26 ("SAFF"), SK Foods, and RHM to reorganize, through bankruptcy or

27 otherwise, and sell substantially all of their assets in order to

28 satisfy debts owed by these companies.

8

1       5.    That Defendants made other misrepresentations and

2  concealed facts from Plaintiffs during the underwriting process

3  as alleged in Plaintiffs' Complaint.

4       6.    The Salyer Defendants assert that:  The Salyer

5  Entities contend that all material representations were made, the

6  Plaintiffs conducted a full and thorough investigation and

7  assumed a variety of risks which were thoroughly accounted for,

8  excluded, or for which premiums were charged and paid.

9  VI.  Legal Issues.

10     A.   Uncontested.

11       1.    This Court has jurisdiction over this action

12  pursuant to 28 U.S.C. § 1332.  There is complete diversity

13  between the parties, and the amount in controversy exceeds the

14  sum of $75,000, exclusive of interest and costs.

15       2.    Venue is proper under 28 U.S.C. § 1391(a)(2) since

16  a substantial part of the events or omissions giving rise to the

17  claims at issue occurred in this District.

18       3.    The parties agree that in this diversity action,

19  the substantive law of the State of California provides the rule

20  of decision.

21     B.   Contested.

22       1.    Whether the Excess Policy was effectively issued

23  and delivered.

24       2.    Whether Plaintiffs are entitled to rescission or

25  reformation with respect to certain specified provisions in the

26  Primary and Excess Policies.

27       3.    Whether the August, 2009 cancellation was

28  effective.

4.   Whether the "anti rescission" clauses contained in the policies preclude the relief sought.

5.   Whether Plaintiffs are entitled to a declaration that Defendants are liable to Plaintiffs for any payments made by Plaintiffs, including any future payments, to or on behalf of any Insureds, pursuant to Plaintiffs' obligations under any remaining coverage provisions of the Primary or Excess Policies.

VII. Consent to Magistrate Judge Jurisdiction.

1.   The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

VIII.     Corporate Identification Statement.

1.   Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities.  A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

IX.  Discovery Plan and Cut-Off Date.

A.   Plaintiffs' Proposed Discovery Plan.

1.   As set forth below, the Salyer Defendants maintain that discovery in this matter are or will be subject to restrictions based on order(s) issued in connection with Scott Salyer's criminal proceedings, *In re SK Foods*, L.P. E.D. Bankr. Case no. 09-29162-D-11 (E.D. Cal. Bankr.), presently before the Honorable Lawrence K. Karlton in this Court, and other purportedly related adversary proceedings.  However, the Salyer Defendants have failed to explain how such order(s) would

1  preclude Plaintiffs, who are not parties to any of the

2  proceedings, from seeking discovery from the Defendants in the

3  present action.  Furthermore, even if such order(s) did preclude

4  certain discovery in this action, which Plaintiffs dispute, the

5  Salyer Defendants have failed to explain why this would support a

6  stay of *all* party discovery in this action.

7          2.    In addition, to the extent that the Salyer

8  Defendants are claiming that the discovery in this action will be

9  the same as the discovery in the adversary proceedings, they are

10 incorrect.  Plaintiffs intend to take discovery regarding the

11 following topics:

12         a.    SK Foods and RHM's negotiations with their

13 lender for the extension of their credit facilities in 2009;

14         b.    The timing of SK Foods' and RHM's default on

15 their credit facilities;

16         c.    Defendants' discovery of errors in the

17 financial statements they submitted to Allied World in connection

18 with the underwriting of the policies;

19         d.    When SAFF, SK Foods and RHM first anticipated

20 a reorganization or arrangement with creditors under federal or

21 state law or the sale, distribution or divestiture of their

22 respective assets other than in the ordinary course of business;

23         e.    The financial health of the Defendants during

24 the underwriting process for the Primary and Excess Policies;

25         f.    Defendants' knowledge of circumstances that

26 could be expected to give rise to claims prior to the inception

27 of the Primary Policy and intended inception of the Excess

28 Policy.

1    3.    These topics are relevant to misrepresentation
2  Plaintiffs allege that the Defendants made during the
3  underwriting of the policies issued by Plaintiffs to Defendants.
4  Plaintiffs do not intend to take discovery relevant to the claims
5  made by the Trustee against the Salyer Defendants in the
6  adversary proceedings.

7    4.    It is Plaintiffs' position that discovery should
8  proceed in accordance with the Federal Rules of Civil Procedure
9  and the Local Rules, including the limitations set forth therein,
10 subject to the right to seek relief from such limitations as may
11 be necessary and appropriate.  In the event that any particular
12 discovery request propounded by Plaintiffs or another party is
13 objectionable to the Salyer Defendants, they should make their
14 objection to that particular request.  In the event there is a
15 dispute over the merit of any objection that the parties are
16 unable to resolve without the aid of the Court, the parties can
17 bring their dispute before the Court in an orderly fashion.  The
18 Salyer Defendants should not be permitted to obtain a blanket
19 prohibition on all party discovery.

20   5.    In the event that any Defendants refile their
21 counterclaims, Plaintiffs will require discovery concerning the
22 bases for the Defendants' claims for breach of contract and bad
23 faith, and the damages allegedly suffered by these Defendants.
24 It is Plaintiffs' position that no discovery concerning the
25 Defendants' dismissed claims is proper until such time as they
26 are refiled, if at all.

27   6.    Certain documents that may be produced or sought
28 in discovery may contain confidential or proprietary information.

1    Accordingly, the parties may apply to the court for a protective
2    order to protect such information, if necessary.

3           7.    Plaintiffs anticipate that electronic discovery
4    will be necessary in this matter.  Electronic documents should be
5    produced in their native format.

6           8.    Plaintiffs propose November 14, 2011 for the
7    discovery end-date.

8        B.    The Salyer Defendants' Proposed Discovery Plan.

9           1.    It is the Salyer Defendants' position that this
10   case is related to at least 14 other matters pending in this
11   District (the "Related Matters").  These cases are more
12   specifically discussed in Item 12 below.  Some of these are civil
13   actions, some are adversary proceedings pending in the Bankruptcy
14   Division, at least one is a criminal matter (*US v. Salyer*, E.D.
15   Case no. 10-0061-LKK) and there is a Chapter 11 proceeding as
16   well.  (*In re SK Foods*, L.P. E.D. Bankr. Case no. 09-29162-D-11.)

17          2.    Several of these matters are subject to stays, of
18   either the entire action, or discovery, pending resolution of
19   Scott Salyer's criminal proceedings.  With regard to most of the
20   Salyer Entities, Mr. Salyer is the only officer or director still
21   employed by the entity.  Thus, to the extent that testimony of
22   any corporate officer or director of a Salyer Entity is required
23   either to satisfy the entity's discovery obligations, or to
24   testify at trial, Mr. Salyer will be subject to the same
25   restrictions.

26          3.    In addition, apparently, much of the documentary
27   discovery is also not currently available to the Salyer Entities
28   due to ongoing and unresolved discovery disputes in the

13

1    bankruptcy adversary proceedings.   This is a subject which the
2    Salyer entities and the Trustee have been litigating since the
3    beginning of the Chapter 11 case, and which remains unresolved.
4    (The undersigned counsel for the Salyer Entities is not involved
5    in that litigation in any capacity and is not fully informed
6    about those proceedings.)   These matters have also come before
7    other commissioners in this District, and there are already
8    existing orders applicable to the very same discovery and
9    evidence which will be relevant to this case.

10        4.    Thus, the Salyer Entities propose that third party
11   discovery go forward, but that the Court stay discovery against
12   the Salyer Entities and continue this Scheduling Conference until
13   June, 2011, so that the scope and applicability of the pending
14   discovery order in the criminal matter may be understood.

15        5.    If required, the Salyer Entities intend to file a
16   Motion to Stay Discovery in this action to the extent that such
17   discovery efforts would conflict with any other orders in any
18   other action.

19        C.    The Trustee's Proposed Discovery Plan.

20        1.    The Trustee's concern with regard to Plaintiffs'
21   discovery plan and schedule is that the Trustee is currently
22   involved in numerous Adversary Proceedings and other contested
23   matters in the main bankruptcy action involving the Salyer
24   Defendants, in which there have been and are numerous pending
25   appeals currently before the Honorable Lawrence K. Karlton in
26   this Court, *see* Case nos. 2:10-cv-810; 2:10-cv-811; 2:10-cv-812,
27   2:10-cv-1492 [Docket No. 46], 2:10-cv-1493, 2:10-cv-1496, 2:10-
28   cv-1497, 2:10-cv-1498, 2:10-cv-1499, 2:10-cv-1500.   Several of

                                    14

1  the appeals concern the Trustee's ability to seek discovery from

2  Mr. Salyer.  Judge Karlton has taken the matters under submission

3  but has indicated that he will not allow the Trustee to propound

4  discovery against Mr. Salyer personally.  The exact scope of the

5  prohibition on discovery is not yet known.  The Trustee expects

6  Judge Karlton to issue a ruling shortly.

7          2.   Counsel for the Salyer Defendants has stated that

8  he intends to assert whatever ruling Judge Karlton issues will be

9  applicable in this case and will preclude the deposition of Scott

10  Salyer, who the Salyer Defendants assert is the person most

11  knowledgeable for each of the Salyer Defendant entities.  Mr.

12  Salyer was also the owner and controlling manager of the debtors.

13  It should be noted that Judge Karlton recently *rejected Scott*

14  *Salyer's motion to stay discovery* in a collateral matter, *Bank of*

15  *the West v. Scott Salyer, et al.*, case no. M105340, pending in

16  the Superior Court for the State of California.  [*United States*

17  *v. Salyer*, 2:10-cr-0061-LKK, Docket no. 302].  While Scott Salyer

18  himself may not be produced for or subject to deposition, it does

19  not appear that his testimony is either sought or required in

20  this matter.  The Trustee foresees delays occasioned by these

21  issues and the Salyer parties' efforts to delay the process,

22  which are likely to cause delay in the discovery process in this

23  case.  For that reason, the Trustee believes that a discovery

24  cut-off in November, 2011 would be appropriate, while affording

25  the parties the opportunity to have the Trustee's settlement

26  approved and the plaintiff's intended Motion for Summary Judgment

27  heard.

28  ///

1          D.    Trial and Pre-Trial Dates.

2          1.    Based on the parties' inability to agree as to the

3    extent of scope and discovery, including privilege issues that

4    relate to Mr. Scott Salyer arising out of the pending criminal

5    proceedings against him, the parties will take three weeks,

6    through and including May 4, 2011 to see whether or not an

7    interim stipulation concerning the progress of some discovery not

8    requiring the testimony of Mr. Scott Salyer, can go forward.

9          2.    In the event the parties are unable to agree, the

10   Salyer Defendants will file a motion for stay of discovery or

11   other limits on discovery.  That motion shall be filed on or

12   before May 31, 2011.

13         3.    A Further Scheduling Conference in this case shall

14   be held July 15, 2011 at 8:15 a.m.

15   X.    Motions - Hard Copy.

16         1.    The parties shall submit one (1) courtesy paper copy to

17   the Court of any motions filed.  Exhibits shall be marked with

18   protruding numbered or lettered tabs so that the Court can easily

19   identify such exhibits.

20   XI.   Trial Date.

21         1.    This will be a jury trial.

22         2.    Counsels' Estimate Of Trial Time:

23               a.    Five to seven days.

24         3.    Counsels' attention is directed to Local Rules

25   of Practice for the Eastern District of California, Rule 285.

26   XII. Settlement Conference.

27         1.    The Plaintiffs have reached a settlement agreement with

28   Defendants Sawtooth Cooling, LLC, Salyer Western Cooling Company,

1  and Yuma American Cooling Corporation (the "Cooling Entities").

2  The Plaintiffs anticipate filing a joint stipulation of dismissal

3  with the Cooling Entities shortly.

4      2.    The Plaintiffs have reached a settlement in principle

5  with Defendant Lisa Crist.  Plaintiffs anticipate that the

6  settlement with Defendant Crist will be finalized in the next two

7  weeks, and that Plaintiffs will file a notice of dismissal of

8  Defendant Lisa Crist shortly thereafter.

9      3.    The Plaintiffs and the Trustee have also reached a

10  settlement in principle, and will report the settlement to the

11  Court once it is finalized.

12      4.    Plaintiffs have been in discussions with Defendant Mark

13  McCormick regarding a potential resolution of this matter that

14  will not necessitate Plaintiffs serving Defendant McCormick.  At

15  this time, Plaintiffs do not believe that a mediation or

16  settlement conference will be necessary to resolve Plaintiffs'

17  claims against Defendant McCormick.

18      5.    The Plaintiffs and Salyer Defendants agree that after

19  initial discovery has been conducted, a mediation or settlement

20  conference may be appropriate.

21  XIII.  Related Matters Pending.

22      A.    Salyer Defendants' Statement Regarding Related Matters.

23          1.    This case is related to at least 14 other cases

24  pending in one or another division of this Court, including the

25  Bankruptcy Division.  The Salyer Entities are preparing a Notice

26  of Related Cases which will be filed prior to the Scheduling

27  Conference in the captioned matter.  This was not done previously

28  as it was not entirely clear what the status of discovery in the

17

1  other cases was, nor whether these cases were actually related.

2  It appears now that they undoubtedly are.

3       2.   Most of these cases are subject to various forms

4  of orders limiting or completely staying discovery with regard to

5  F. Scott Salyer or any entity in which he would be compelled to

6  provide testimony in any representative capacity.  Mr. Salyer is

7  a defendant in a criminal matter pending before Judge Lawrence

8  Karlton in this District.  (*United States v. Salyer*, 2:10-cr-

9  0061-LKK).  Most of the related cases are either already subject

10 to some form of stay on discovery (e.g., *Brewer v. Scott Salyer*,

11 06-cv-01324 AWI DLB (E.D. Cal.) (six month stay of discovery

12 entered on 4/16/10; current status unknown); the subject of

13 pending motions by parties and non-parties alike (e.g., *Four In*

14 *One Company, Inc., et al. v. SK Foods, LP, Scott Salyer, et al.*,

15 078-cv-3017 MCE (Clayton Act/Sherman Act class action case in

16 which government intervened to stay discovery); or subject to

17 orders which have not been entered yet, but which are under

18 submission.

19      3.   A more complete catalog will be provided to the

20 Court prior to the Scheduling Conference to the extent possible,

21 but the undersigned counsel for the Salyer Defendants does not

22 represent these entities in the other actions, and has not been

23 involved in these discovery matters.

24      4.   Mr. Salyer is the only remaining officer or

25 director of most of the Salyer Entities.  Thus, his testimony

26 will be necessary for these entities to conduct their defense.

27 Since he has invoked his Fifth Amendment privileges, he is

28 unavailable to testify.

1   **B. Plaintiffs' Statement Regarding Related Matters.**

2    **1. Plaintiffs do not believe that any actions that it**

3 **is aware of are "related" as that term is used in Local Rule**

4 **123(a).  Plaintiffs intend to respond appropriately to any Notice**

5 **of Related Case filed by the Salyer Defendants.**

6 **XIV. Compliance With Federal Procedure.**

7   **1. The Court requires compliance with the Federal**

8 **Rules of Civil Procedure and the Local Rules of Practice for the**

9 **Eastern District of California.  To aid the court in the**

10 **efficient administration of this case, all counsel are directed**

11 **to familiarize themselves with the Federal Rules of Civil**

12 **Procedure and the Local Rules of Practice of the Eastern District**

13 **of California, and keep abreast of any amendments thereto.**

14 **XV. Effect Of This Order.**

15   **1. The foregoing order represents the best**

16 **estimate of the court and counsel as to the agenda most suitable**

17 **to bring this case to resolution.  The trial date reserved is**

18 **specifically reserved for this case.  If the parties determine at**

19 **any time that the schedule outlined in this order cannot be met,**

20 **counsel are ordered to notify the court immediately of that fact**

21 **so that adjustments may be made, either by stipulation or by**

22 **subsequent scheduling conference.**

23   **2. Stipulations extending the deadlines contained**

24 **herein will not be considered unless they are accompanied by**

25 **affidavits or declarations, and where appropriate attached**

26 **exhibits, which establish good cause for granting the relief**

27 **requested.**

28 **///**

1      3.   Failure to comply with this order may result in

2  the imposition of sanctions.

3

4  IT IS SO ORDERED.

5  **Dated:**   **April 13, 2011**               **/s/ Oliver W. Wanger**

                                             UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28