UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLIED WORLD NATIONAL ASSURANCE COMPANY, et al.,<br><br>          Plaintiffs,<br><br>  v.<br><br>SK PM CORP., et al.,<br><br>          Defendants. | 1:10-cv-01262-OWW-JLT<br><br>MEMORANDUM DECISION AND ORDER RE: MOTION TO STAY (Doc. 59) |

**I. INTRODUCTION.**

Allied World Assurance Company, Inc., and Allied World National Insurance Company ("Plaintiffs") proceed with an action against Frederick Scott Salyer ("Salyer") and various other entities ("Defendants"). On April 28, 2011, Defendants filed a motion to stay this action pending resolution of a criminal case pending against Salyer. (Doc. 59).

Plaintiffs filed opposition to the motion to stay on June 27, 2011. (Doc. 68). Defendants filed a reply on July 5, 2011. (Doc. 70).

**II. FACTUAL BACKGROUND.**

Defendants are the named insureds under a primary insurance policy issued by Allied World National Assurance Company ("Primary Policy"). The policy period for the Primary Policy commenced on

**1**

February 19, 2009 and ended on August 17, 2009. Defendants also sought excess coverage from Allied World Assurance Company under an "Excess Directors & Officers Liability Insurance Following Form Policy" ("Excess Policy"). The complaint alleges that Defendants never paid the requisite premium for the Excess Policy.

At the time Defendants applied for the Primary and Excess Policies, Defendants used the name "SK Foods Group" to refer to the affiliated entities owned and operated by Scott Salyer and his family. The entities that comprised SK Foods Group were engaged in the business of growing, harvesting, processing, packaging, and shipping fruits and vegetables.

During the underwriting process for the Primary and Excess Policies, Defendants represented to Plaintiffs that SK Food Group was in good financial health and provided financial statements for a number of SK Food Group's entities. Defendants represented that SK Food Groups had strong revenues and profits, that certain credit agreements necessary to SK Food Group's operations would be extended, and that Defendants did not anticipate a reorganization or sale of more than 10% of the assets of any of SK Food Group's entities. Plaintiffs allege Defendants representations were false when made. Plaintiffs contend that the entities comprising SK Food Group were experiencing significant financial difficulties at the time the Primary and Excess Policies were negotiated and issued. Defendants were aware that thejoint credit facilities for two of SK Foods Group's major constituents, SK Foods, L.P. ("SK Foods") and RHM Industrial/Specialty Foods, Inc. ("RHM"), would not be renewed, and that it would be necessary for Salyer American Fresh Foods, Inc. ("SAFF"), SK Foods, and RHM to reorganize, through bankruptcy

**2**

or otherwise, and sell substantially all of their assets in order to satisfy debts owed by these companies.

On April 29, 2010, the United States of America filed a superseding indictment against Salyer. The superceding indictment asserts, *inter alia*, racketeering, wire fraud, falsification of records, and conspiracy in restraint of trade against Salyer arising out of Salyer's operation of SK Foods. Salyer has entered a not guilty plea to the charges alleged in the superceding indictment. Salyer's trial is currently set for April 17, 2012.

### III. **LEGAL STANDARD**.

The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). A district court has discretion to stay civil proceedings pending the outcome of related criminal proceedings. *E.g., Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995).

Declaratory relief actions concerning insurance coverage disputes implicate special considerations. An insured may experience three types of potential prejudice if a declaratory relief action were resolved prior to the underlying action: (1) the insurer joins forces with the claimant to collaborate against the insured; (2) the insured is required to fight a two-front war; and (3) collateral estoppel. *Montrose Chemical Corp. v. Superior Court (Canadian Universal Insurance Co.)*, 25 Cal. App. 4th 902, 909-910 (Cal. 1994). Where an insurer's proof in a coverage action has the potential to prejudice its insured in a related action, the coverage action must be stayed. *Montrose Chemical Corp. v.*

**3**

*Superior Court*, 6 Cal. 4th 287, 302 (Cal. 1993).  If the factual issues to be resolved in the declaratory relief action overlap with issues to be resolved in the underlying litigation, "the trial court *must* stay the declaratory relief action." *Great American Ins. Co. v. Superior Court*, 178 Cal. App. 4th 221, 235 (Cal. Ct. App. 2009) (emphasis in original).  The prejudice an insured would face if required to fight a two front war always requires a stay. *State Farm Fire & Cas. Co. v. B.T.B., Inc.,* 2011 U.S. Dist. LEXIS 7484 * 19 (E.D. Cal. 2011) (LJO) (citing *Great American Ins. Co.*).

## IV. **DISCUSSION**.

Plaintiffs contend that Salyer's Fifth Amendment rights are not implicated in this action because "none of Plaintiffs' allegations are remotely related to the allegations...in [Salyer's] criminal action."  (Opposition at 11).  Plaintiffs note that the conduct alleged in the indictment occurred prior to May 2008, while the conduct asserted in Plaintiffs' complaint occurred during 2009. Plaintiffs argument misapprehends the scope of the Fifth Amendment privilege.

The privilege against self incrimination provided by the Fifth Amendment may be invoked where the answer to a question "might tend to subject [the answerer] to criminal responsibility."  *E.g., McCarthy v. Arndstein*, 45 S. Ct. 16, 17 (1924).  As the Ninth Circuit has explained:

> The information that would be revealed by direct answer need not be such as would itself support a criminal conviction, however, but must simply "furnish a link in the chain of evidence needed to prosecute the claimant for a federal crime." *Id. See also Hashagen v. United States*, 283 F.2d 345, 348 (9th Cir. 1960). Indeed, it is enough if the responses would merely "provide a lead or clue" to evidence having a tendency to incriminate. *Id*. at 348.

**4**

*United States v. Neff*, 615 F.2d 1235, 1239 (9th Cir. 1980).

A valid claim of privilege requires that a person be faced with "substantial hazards of self incrimination," that are "real and appreciable and not merely imaginary and unsubstantial." *Id*. (citations omitted). "The strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter." *E.g., SEC v. Alexander*, 2010 U.S. Dist. LEXIS 138547 * 8-10 (N.D. Cal. 2010) (citing *SEC v. Dresser Industries, Inc.*, 628 F.2d 1368, 1375-76 (D.C. Cir. 1980)).

It is beyond dispute that Plaintiffs' action threatens to implicate Salyer's Fifth Amendment rights. The superceding indictment against Salyer alleges "Salyer served as SK Foods' primary leader and decision maker, giving direction to and receiving regular reports regarding all manner of SK Foods' business." (Doc. 69, Plaintiff's RJN, Ex. C at 3). The superceding indictment further alleges that Salyer "constructed...fraudulent financial and business information" concerning SK Foods' business. (Id. at 12). As Plaintiffs' complaint alleges that Salyer made knowingly false representations concerning the financial health of SK Foods and provided misleading financial and business information to Plaintiffs, proceeding in this action may require Salyer to either invoke the Fifth Amendment or give responses about his operations of the subject entities that could tend to prove at least some of the allegations in the indictment.

**5**

Plaintiffs' proof threatens to prejudice Salyer in his criminal action. For example, in order to prove the allegations advanced in the complaint, Plaintiffs will have to prove allegations concerning Salyer's ownership and operation of the various entities comprising SK Food Group, Salyer's knowledge of the financial condition of such entities, and allegations relating to the falsification of records pertaining to SK Food Group. Because proof relevant to Plaintiffs' allegations threatens to prejudice Salyer's criminal defense, a stay is required. *E.g., Great American*, 178 Cal. App. 4th at 235. Defendants' motion is GRANTED, subject to review of the progress of the criminal case.

**ORDER**

For the reasons stated, IT IS ORDERED:

1) Defendants' motion to stay is GRANTED; and

2) The parties shall file a status report in six months.

IT IS SO ORDERED.

**Dated:   July 28, 2011**                              /s/ Oliver W. Wanger
                                                                             UNITED STATES DISTRICT JUDGE