1

2

3

4

5

6

7

8         **UNITED STATES DISTRICT COURT**

9         **EASTERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  ALLIED WORLD NATIONAL ASSURANCE COMPANY, et al., | )  Case No.: 1:10-cv-01262 - LJO - JLT |
| 12 | ) |
| | )  ORDER VACATING THE HEARING DATE OF |
| 13          Plaintiffs, | )  NOVEMBER 19, 2012, AND GRANTING |
| | )  PLAINTIFFS' MOTION FOR LEAVE TO AMEND |
| 14      v. | )  THE COMPLAINT |
| | ) |
| 15  SK PM CORP., et al., | ) |
| | )  (Doc. 95) |
| 16          Defendants. | ) |
| | ) |

17         Plaintiffs Allied World National Assurance Company and Allied World Assurance Company

18  seek leave to file an amended complaint to include additional facts and remove parties who Plaintiffs

19  have voluntarily dismissed.  (Doc. 95).  Defendants have not opposed the motion.[1]  Having reviewed

20  the motion and related documents, the Court finds the matter suitable for decision without oral

21  argument pursuant to Local Rule 230(g).  For the reasons set forth below, Plaintiffs' motion for leave

22  to amend the complaint is **GRANTED**.

23  **I.       Factual and Procedural History**

24         Plaintiffs initiated this action by filing a complaint on July 14, 2010, seeking "to obtain a

25  judicial determination and declaration regarding the parties' rights and obligations with respect to two

26

27  _____

28  [1] Defendants are reminded of Local Rule 230(g) which requires either the filing of an opposition or a non-opposition to civil motions: "A responding party who has no opposition to the granting of the motion **shall** serve and file a statement to that effect, specifically designating the motion in question."  (Emphasis added).

1

insurance policies." (Doc. 1 at 8). Plaintiffs allege Defendants are insureds under Policy No. C011427/001, issued by Allied World National to S.K. Foods PM Corporation for coverage that commenced February 19, 2009 and ended on August 17, 2009 ("the Primary Policy"). *Id.* In addition, Plaintiffs allege Defendants sought coverage from Allied World "under Excess Directors & Officers Liability Insurance Following Form Policy No. C011818/001, which was to be issued to S.K. Foods PM Corp. for the April 8, 2009 to February 19, 2010 Policy Period" ("the Excess Policy"). (Doc. 1 at 8). However, Plaintiffs assert Defendants failed to pay the requisite premium for the Excess Policy. *Id.*

According to Plaintiffs, Defendants represented to Plaintiffs during the underwriting process for the Primary and Excess Policies that SK Food Group, encompassing entities owned and operated by Scott Salyer and his family, "was in good financial health and had strong revenues and profits." (Doc. 1 at 9). However, Plaintiffs assert that Defendants knew this information was false, and knew it would be necessary for several entities "to reorganize, through bankruptcy or otherwise, and sell substantially all of their assets in order to satisfy debts owed. . ." *Id.*

Plaintiffs allege neither the Primary Policy nor Excess Policy would have been issued had they known the truth regarding SK Food Group's financial condition. (Doc. 1 at 9). Therefore, Allied World seeks to rescind certain coverage provisions of the Primary Policy. *Id.* at 8. Further, Plaintiffs seek "a declaration that the Excess Policy was never effectively issued or delivered as a result of Defendants' non-payment of premium, and is inoperative." *Id.* In the alternative, Plaintiffs seek to rescind provisions of the Excess Policy for misrepresentation and concealment of material facts. *Id.*

On April 29, 2010, Scott Salyer ("Salyer") was indicted for racketeering, wire fraud, falsification of records, and conspiracy in restraint of trade arising out of his operation of SK Foods. On April 28, 2011, defendants filed a motion to stay the proceeding pending resolution of the criminal case pending against Salyer (Doc. 59), which was granted by the Court on July 28, 2011. (Doc. 75).

The parties filed a joint status report on May 17, 2012, reporting that "Salyer pleaded guilty to one count of racketeering and one count of price fixing," and he was scheduled to be sentenced on July 10, 2012. (Doc. 90 at 4-5). As part of the plea agreement, the remaining charges against Salyer were to be dropped at the time of sentencing. *Id.* at 5. Plaintiffs informed the Court they intended "to

2

file an amended complaint adding Salyer's admitted criminal conduct as an additional basis for rescission of the policies." *Id.* at 6.  On May 22, 2012, the Court approved the parties' stipulation to allow Plaintiffs to file a motion to amend the complaint, with the stay remaining in place.  (Doc. 91).

On October 17, 2012, Plaintiffs filed their motion for leave to file an amended complaint. (Doc. 95).  On October 18, 2012, the Court held a scheduling conference, and ordered pleading amendments be sought no later than December 14, 2012.  (Doc. 103).

## II.    Legal Standards for Leave to Amend

Under Fed. R. Civ. P. 15(a), a party may amend a pleading once as a matter of course within 21 days of service, or if the pleading is one to which a response is required, 21 days after service of a motion under Rule 12(b), (e), or (f).  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  Here, defendants filed answers on September 17, 2010, and October 6, 2010.  (Docs. 27-28).  Therefore, Plaintiffs require either consent of Defendants or leave of the Court to file an amended complaint.

Granting or denying leave to amend a complaint is in the discretion of the Court, *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996), though leave should be "freely give[n] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities."  *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).  Consequently, the policy to grant leave to amend is applied with extreme liberality.  *Id.*

There is no abuse of discretion "in denying a motion to amend where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally."  *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *see also Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990).  After a defendant files a responsive pleading, leave to amend should not be granted where "amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay."  *Madeja v. Olympic Packers*, 310 F.3d 628, 636 (9th Cir. 2002) (citing *Yakima Indian Nation v. Wash. Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir. 1999)).

///

3

### III.      Discussion and Analysis

In evaluating a motion to amend under Rule 15, the Court may consider (1) whether the plaintiff has previously amended his complaint, (2) undue delay, (3) bad faith, (4) futility of amendment, and (5) prejudice to the opposing party.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Loehr v. Ventura County Cmty. Coll. Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984).  These factors are not of equal weight as prejudice to the opposing party has long been held to be the most critical factor in determining whether to grant leave to amend.  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight"); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).

#### A.      Prior amendments

The Court's discretion to deny an amendment is "particularly broad" where a plaintiff has previously amended his complaint previously.  *Allen*, 911 F.2d at 373.  However, the amendment sought is the first for Plaintiffs.  Therefore, this factor does not weigh against amendment.

#### B.      Undue delay

By itself, undue delay is insufficient to prevent the Court from granting leave to amend pleadings.  *Howey v. United States*, 481 F.2d 1187, 1191(9th Cir. 1973); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1986). However, in combination with other factors, delay may be sufficient to deny amendment.  *See Hurn v. Ret. Fund Trust of Plumbing*, 648 F.2d 1252, 1254 (9th Cir. 1981) (finding a delay of two years, "while not alone enough to support denial, is nevertheless relevant").  Evaluating undue delay, the Court considers "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson*, 902 F.2d at 1387; *see also Eminence Capital*, 316 F.3d at 1052.  In addition, the Court should examine whether "permitting an amendment would . . . produce an undue delay in the litigation." *Id.* at 1387.

Here, Plaintiffs argue there was no undue delay, because they "recently learned of the facts providing an additional basis to rescind the policies," and the Court granted leave from the stay to file the motion to amend.  (Doc. 95-1 at 14) (emphasis omitted).  Plaintiffs assert, "Prior to Scott Salyer's March 23, 2012 plea agreement, Plaintiffs were not aware of facts proving that Scott Salyer personally

had engaged in and was aware that his employees had engaged in criminal conduct at the time he

applied for the policies." *Id.*  Therefore, it appears Plaintiffs were not aware of the facts at the time the

original pleading was filed.  Further, because the matter was stayed at the time of the filing and has

only been recently scheduled with a pleading amendment deadline of December 14, 2012 (Doc. 103),

there would not be a delay in the litigation.[2]  Thus, this factor does not weigh against amendment.

### C.      Bad faith

Plaintiffs assert they requested Defendants stipulate to the filing of an amended complaint after

learning of Salyer's guilty plea, but defendants did not unanimously consent to a stipulation.  (Doc.

95-1 at 14).  However, Defendants agreed "the stay could be lifted to allow Plaintiffs to file the present

motion for leave to amend."  *Id.*  Accordingly, Plaintiffs' motion to amend does not demonstrate they

are acting in bad faith, and this factor does not weigh against amendment.

### D.      Futility of Amendment

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend."

*Bonin*, 59 F.3d at 845; *see also Miller v. Rykoff-Sexton*, 845 F.2d 209, 214 (9th Cir. 1988) ("A motion

for leave to amend may be denied if it appears to be futile or legally insufficient").  Futility may be

found where added claims are duplicative of existing claims or patently frivolous, or both.  *See Bonin*,

59 F.3d at 846.

Plaintiffs assert amendment is not futile because "case law is clear that an insured is

understood to have known that criminal conduct is likely to form the basis of a future claim, and

numerous courts have granted summary judgment against insureds based on similar (and often less

egregious) misrepresentations."  (Doc. 95-1 at 15).  Because Plaintiffs' claims do not appear patently

frivolous and the new facts are not duplicative of allegations made in the original complaint, this

factor does not weigh against amendment.

### E.      Prejudice to the opposing party

---

[2] The Court notes that Plaintiffs waited about five months to file their motion to amend the complaint after the parties had stipulated that it could be filed while the stay remained in place.  However, because the action has been stayed during this period, it does not appear that any prejudice has resulted from this delay as further evidence by Defendants' failure to oppose this motion.

The most critical factor in determining whether to grant leave to amend is prejudice to the opposing party. *Eminence Capital*, 316 F.3d at 1052 ("Prejudice is the touchstone of the inquiry under rule 15(a)") (internal quotes omitted). The burden of showing prejudice is on the party opposing an amendment to the complaint. *DCD Programs*, 833 F.2d at 187; *Beeck v. Aquaslide 'N' Dive Corp.*, 562 F.2d 537, 540 (9th Cir. 1977). Prejudice must be substantial to justify denial of leave to amend. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). There is a presumption under Rule 15(a) in favor of granting leave to amend where prejudice is not shown. *Eminence Capital*, 316 F.3d at 1052.

As noted above, Defendants have not opposed Plaintiffs' motion to amend. Moreover, because Plaintiff has complied with the pleading amendment deadline set forth in the Scheduling Order, ample time remains for discovery on the additional allegations. Therefore, this factor does not weigh against amendment.

**IV.     Conclusion and Order**

Based upon the foregoing, the factors set forth by the Ninth Circuit weigh in favor of allowing Plaintiff to amend her complaint. *See Madeja*, 310 F.3d at 636. Therefore, the Court is acting within its discretion in granting the motions to amend. *See Swanson*, 87 F.3d at 343.

According, **IT IS HEREBY ORDERED**:

1.      The hearing date of November 19, 2012 at 9:00 a.m. is **VACATED**;

2.      Plaintiffs' motion to amend the complaint (Doc. 95) is **GRANTED**; and

3.      Plaintiffs **SHALL** file their First Amended Complaint within seven days of the date of service of this Order.

IT IS SO ORDERED.

Dated:   **November 15, 2012**                    **/s/ Jennifer L. Thurston**
                                                                        UNITED STATES MAGISTRATE JUDGE