UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLIED WORLD NATIONAL ASSURANCE COMPANY, et al., <br><br> Plaintiffs, <br> v. <br><br> SK PM CORP., et al., <br><br> Defendants. | Case No.: 1:10-cv-01262  LJO JLT <br><br> AMENDED ORDER GRANTING IN PART MOTION TO WITHDRAW AS ATTORNEY OF RECORD <br> (Doc. 118) <br><br> AMENDED ORDER DIRECTING CLERK TO UPDATE DOCKET AND SERVE DEFENDANTS |

On April 2, 2013, David Winton moved to withdraw as counsel for the defendants. (Doc. 118). The Court held a hearing on May 13, 2013, and the motion was not opposed by any party. For the reasons set forth below, the motion to withdraw as attorney of record is **GRANTED IN PART**.

I.   **Background**

Plaintiffs initiated this action by filing a complaint on July 14, 2010, seeking "to obtain a judicial determination and declaration regarding the parties' rights and obligations with respect to two insurance policies." (Doc. 1 at 8). Plaintiffs allege the defendants are insureds under Policy No. C011427/001, issued by Allied World National to S.K. Foods PM Corporation for coverage that commenced February 19, 2009 and ended on August 17, 2009 ("the Primary Policy"). *Id.* In addition, Plaintiffs allege the defendants sought coverage from Allied World "under Excess Directors & Officers Liability Insurance Following Form Policy No. C011818/001, which was to be issued to S.K. Foods PM Corp. for the April 8, 2009 to February 19, 2010 Policy Period" ("the Excess Policy").

(Doc. 1 at 8). However, Plaintiffs assert the defendants failed to pay the requisite premium for the Excess Policy. *Id.*

According to Plaintiffs, the defendants represented to Plaintiffs during the underwriting process for the Primary and Excess Policies that SK Food Group, encompassing entities owned and operated by Scott Salyer and his family, "was in good financial health and had strong revenues and profits." (Doc. 1 at 9). However, Plaintiffs assert that the defendants knew this information was false, and knew it would be necessary for several entities "to reorganize, through bankruptcy or otherwise, and sell substantially all of their assets in order to satisfy debts owed. . ." *Id.* Plaintiffs allege neither the Primary Policy nor Excess Policy would have been issued had they known the truth regarding SK Food Group's financial condition. *Id.* Therefore, Allied World seeks to rescind certain coverage provisions of the Primary Policy. *Id.* at 8. Further, Plaintiffs seek "a declaration that the Excess Policy was never effectively issued or delivered as a result of the Defendants' non-payment of premium, and is inoperative." *Id.* In the alternative, Plaintiffs seek to rescind provisions of the Excess Policy for misrepresentation and concealment of material facts. *Id.*

On April 29, 2010, Scott Salyer was indicted for racketeering, wire fraud, falsifying records, and conspiracy in restraint of trade arising out of his operation of SK Foods. On April 28, 2011, defendants filed a motion to stay the proceeding pending resolution of the criminal case pending against Salyer (Doc. 59), which was granted by the Court on July 28, 2011. (Doc. 75).

The parties filed a joint status report on May 17, 2012, reporting that "Salyer pleaded guilty to one count of racketeering and one count of price fixing," and he was scheduled to be sentenced on July 10, 2012. (Doc. 90 at 4-5). As part of the plea agreement, the remaining charges against Salyer were to be dropped at the time of sentencing. *Id.* at 5. Plaintiffs informed the Court they intended "to file an amended complaint adding Salyer's admitted criminal conduct as an additional basis for rescission of the policies." *Id.* at 6. The stay was lifted on October 18, 2012. (Doc. 102).

## II.     Legal Standards for Withdrawal of Counsel

Withdrawal of counsel is governed by the Rules of Professional Conduct of the State Bar of California, and the Local Rules of the United States District Court, Eastern District of California. *See* LR 182. The withdrawal of representation is permitted under the Rules of Professional Conduct if a

client "renders it unreasonably difficult for the member to carry our employment effectively." Cal. R.P.C. 3-700(C)(1)(d). Local Rule 182(d) provides:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw.

*Id.* Likewise, California's Rules require the notice of motion and declaration to be served on the client and other parties who have appeared in the case. CRC 3.1362(d).

The decision to grant withdrawal is within the discretion of the Court, and withdrawal "may be granted subject to such appropriate conditions as the Court deems fit." LR 182; *see Canandaigua Wine Co., Inc. v. Moldauer*, 2009 U.S. Dist. LEXIS 4238, at *2 (E.D. Cal. Jan. 13, 2009) ("The decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court."). Factors the Court may consider include: (1) the reasons for withdrawal, (2) prejudice that may be caused to the other litigants, (3) harm caused to the administration of justice; and (4) delay to the resolution of the case caused by withdrawal. *Canandaigua Wine Co.*, 2009 U.S. Dist. LEXIS 4238, at *4.

**III.    Discussion and Analysis**

David Winton asserts that his law offices are no longer able to represent the defendants in this action.[1] Mr. Winton asserts the defendant's "conduct renders it unreasonably difficult" to carry out his representation in an effective manner. (Doc. 118-1 at 3). In support of the motion, Mr. Winton filed a declaration in which he asserts he is "currently in a position where it appears a withdrawal is proper and necessary pursuant to the provisions of Rule 3-700(C)(1)(d)." (Winton Decl. ¶ 4, Doc. 118-2 at 3).

Mr. Winton reports he notified the defendants "about the need to find substitute counsel." (Doc.

---

[1] Curiously, in his request for withdrawal as counsel, Mr. Winton identified only Scott Salyer; Neal Alexander as trustee for the Scott Salyer Revocable Trust; Robert Pruet as trustee for the Caroline Gazelle Salyer Irrevocable Trust and Stefanie Anne Salyer Irrevocable Trust; SK PM Corp., also known as "S.K. Foods PM Corp.;" Blackstone Ranch; CSSS LP, doing business as Central Valley Shippers; and SSC Farms III, LLC. (Doc. 118-1). However, Mr. Winton was listed as the counsel of record for many other defendants named by Plaintiff in the operative complaint (Doc. 107). Thus, despite that this motion will be granted, **Mr. Winton remains as counsel of record for: 1.) SS Farms LLC, 2.) SARS, LLC, 3.) SK Foods LLC, 4.) S.K. Foods PM Corp., 5.) SKF Aviation, LLC, 6.) SSC Farming, LLC, 7.) SSC Farms I, LLC, 8.) SSC Farms II, LLC, 9.) SK Farm Services, LLC, 10.) SK Frozen Foods, LLC, 11.) Carmel Wine Merchants LLC and 12.) Salyer American Cooling.**

3

118-1 at 4). Mr. Winton asserts he "is informed and believed that new counsel has been retained for all parties except the Scott Salyer Revocable Trust . . ., but that there is unexplained delay in obtaining substitutions of attorney." *Id.* Indeed, after Mr. Winton filed this motion, the Court granted a substitution of attorney filed on behalf of The Caroline Gazelle Salyer Irrevocable Trust, and The Stefanie Ann Salyer Irrevocable Trust by and through Robert Pruett, Trustee. (Docs. 124, 126). Thus, as to these Defendants, the motion is **MOOT**.

The declaration and proof of service indicate Mr. Winton has served the parties with documents required by the California Rules. No party has filed an opposition or a statement of non-opposition to the motion to withdrawal, and it does not appear Plaintiffs would suffer prejudice as a result of the withdrawal. Given that discovery remains open for several months, it appears any delay caused by the withdrawal would be minimal and there is little risk of harm to the administration of justice.

**IV.    Conclusion and Order**

Mr. Winton followed the procedural and substantive requirements set forth in the California Rules of Professional Conduct and the Local Rules in filing the motion to withdraw as counsel, and set forth sufficient reasons for the withdrawal. Therefore, the Court is acting within its discretion to grant the motion to withdraw. *See* LR 182.

The corporate defendants are warned that "[i]t is a longstanding rule that [c]orporations and other unincorporated associations must appear in court through an attorney." *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973-74 (9th Cir. 2004)

Accordingly, **IT IS HEREBY ORDERED**:

1.    The motion to withdraw is **MOOT** as to Defendant Robert Pruet as trustee for the Caroline Gazelle Salyer Irrevocable Trust and Stefanie Anne Salyer Irrevocable Trust;

2.    The motion to withdraw is **GRANTED** as to Defendants Frederick Scott Salyer; Neal Alexander as trustee for the Scott Salyer Revocable Trust; CSSS LP, doing business as Central Valley Shippers; and SSC Farms III, LLC **only**. Mr. Winton **remains as counsel** of record for Defendants SS Farms LLC; SARS, LLC; SK Foods LLC; S.K. Foods PM Corp.; SKF Aviation, LLC; SSC Farming, LLC; SSC Farms I, LLC; SSC Farms II, LLC; SK Farm Services, LLC; SK Frozen Foods, LLC; Carmel Wine Merchants LLC; and Salyer American Cooling;

3. The Clerk's Office **SHALL TERMINATE** David Winton as "Attorney to be Noticed" for Defendants Frederick Scott Salyer; Neal Alexander as trustee for the Scott Salyer Revocable Trust; CSSS LP, doing business as Central Valley Shippers; and SSC Farms III, LLC in the Court docket, and update the docket to reflect their last known contact information as follows:

> F. Scott Salyer
> 3903 Ronda Road
> Pebble Beach, CA 93953

4. Replacement counsel **SHALL** enter an appearance in this matter **within 21 days**; and

5. <u>Defendants are advised that failure to comply with the Local Rules, Federal Rules, or a Court Order, will result in their answers being stricken and default entered against them</u>.

IT IS SO ORDERED.

Dated:   **May 14, 2013**              **/s/ Jennifer L. Thurston**
                                       UNITED STATES MAGISTRATE JUDGE