1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALLIED WORLD NATIONAL ASSURANCE COMPANY, et al., <br><br> Plaintiffs, <br> v. <br><br> SK PM CORP., et al., <br><br> Defendants. | ) Case No.: 1:10-cv-01262 - LJO - JLT <br> ) <br> ) ORDER TO DEFENDANTS TO SHOW CAUSE <br> ) WHY SANCTIONS SHOULD NOT BE IMPOSED <br> ) FOR FAILURE TO COMPLY WITH THE <br> ) COURT'S ORDER <br> ) <br> ) <br> ) <br> ) |

On May 20, 2013, Kimberly Anne Wright filed a Notice of Appearance on behalf of Blackstone Ranch Corporation, SS Farms, LLC, SSC Farming, LLC, SSC Farms I, LLC, SSC Farms II, LLC, SSC Farms III, LLC, and Scott Salyer Revocable Trust.  (Doc. 132).  The Court observed the Notice fails to show that Mr. Winton, counsel of record, is aware of this substitution.  (Doc. 134 at 1).  Local Rule 180(g) provides: "An attorney who has appeared in an action may substitute another attorney and thereby withdraw from the action by submitting a substitution of attorneys that shall set forth the full name and address of the new individual attorney and **shall be signed by the withdrawing attorney, the new attorney, and the client**." (emphasis added).  Therefore, on May 22, 2013, the Court ordered Ms. Wright to "file an amended substitution of counsel containing the signature of counsel of record, David Winton, for Defendants SS Farms LLC, SSC Farming, LLC, SSC Farms I, LLC and SSC Farms II, LLC."  *Id.* at 2.  Ms. Wright was given fourteen days or until June 5, 2013 to file the document.  *Id.* However, she has failed to comply with or otherwise respond to the Court's order.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  Local Rule 110.  "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may issue sanctions based on a party's failure to obey a court order or failure to comply with local rules.  *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, Defendants are **ORDERED** to show cause within 14 days of the date of service of this Order why sanctions should not be imposed for failure comply with the Court's order and failure to comply with Local Rule 180(g), or in the alternative, to file an amended substitution of counsel.

IT IS SO ORDERED.

Dated:   **June 11, 2013**                         **/s/ Jennifer L. Thurston**
                                                            UNITED STATES MAGISTRATE JUDGE